RODGER D. ADAMS AND SHARON L. ADAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 6720-76.
United States Tax Court
T.C. Memo 1978-359; 1978 Tax Ct. Memo LEXIS 157; 37 T.C.M. (CCH) 1499; T.C.M. (RIA) 78359; September 12, 1978, Filed *157 Petitioner husband was a full-time student during the taxable year. Held, petitioner failed to prove that he was "gainfully employed" within the meaning of sec. 214. Rodger D. Adams, pro se. John W. Harris, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for their calendar year 1974 in the amount of $ 268 as set forth in his statutory notice of deficiency dated April 16, 1976. Due to respondent's concession with respect to a medical expense deduction the sole issue presented for our determination is the deductibility of $ 1,600 expended by petitioners in 1974 for child care. Determinative *158 of this issue is whether petitioner Rodger D. Adams was "gainfully employed on a substantially full time basis" within the meaning of section 214, I.R.C. 1954. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibit attached thereto, are incorporated herein by this reference. Petitioners Rodger D. Adams (hereinafter Rodger) and Sharon L. Adams (hereinafter Sharon), husband and wife, resided in San Gabriel, California at the time of filing the petition herein. Petitioners timely filed their joint individual Federal income tax return for the taxable year 1974 with the internal revenue service center, Los Angeles, California. During the taxable year in issue Sharon was gainfully employed on a full-time basis and Rodger was a full-time student. Rodger was injured in an industrial accident in 1972 and was subsequently advised by his doctors to seek nonstrenuous employment. The only income earned by Rodger in 1974 was $ 87.60 he earned by taking inventory in a brewery firm during Christmas vacation.
Petitioners' child was enrolled in pre-school. They have substantiated payments of $ 1,600 for child care. OPINION
*159 Petitioners contend that Rodger has complied with the gainful employment requirement of section 214(e)(2)(A)[1] because he was constantly seeking employment and that they are therefore entitled to the deduction of $ 1,600 expended for child care. We hold that, even if the definition of gainful employment should include those persons actively seeking gainful employment (see, section 1.214A-1(c), Income Tax Regs. adopted March 18, 1976 by T.D. 7411, 1976-1 C.B.A. 75), petitioners have failed to substantiate such activity on the part of Rodger. Perhaps it is possible for a full-time student to be gainfully employed on a substantially full-time basis.However, it is the exceptional person who is capable of carrying off such a dual burden. Petitioners have failed to carry their burden of proof. Welch v. Helvering,290 U.S. 111, 115 (1933). Neither is the receipt of Veteran's Benefits alluded to by Rodger at trial considered gainful employment within the maning of section 214. West v. Commissioner,T.C. Memo. 1977-74. We hold *160 that Rodger was not gainfully employed within the meaning of section 214. Therefore, the amount expended by petitioners for child care in 1974 is not deductible. Decision will be entered for the Respondent. Footnotes
1. Sec. 214↩ was repealed by P.L. 94-455, sec. 504(b) effective for taxable years beginning after 1975.